UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY | : | CIVIL ACTION NO. |
| a/s/o THOMAS MARROCCOLI | : | |
| 436 Walnut Street | : | |
| Philadelphia, PA  19106 | : | |
| | : | 6:15-cv-945-OM-22GK |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FLORIDA BOW THRUSTERS, INC. | : | **JURY TRIAL DEMANDED** |
| 135 Imperial Street | : | |
| Merritt Island, FL  32952 | : | |
| | : | |
| and | : | |
| | : | |
| VETUS MAXWELL, INC. | : | |
| 7251 National Drive | : | |
| Hanover, MD  21076 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

### THE PARTIES

1.      Ace American Insurance Company ("Ace") is a corporation organized under the

laws of the State of Delaware with a principal place of business located at 436 Walnut Street,

Philadelphia, Pennsylvania and at all times material hereto, was authorized to issue policies of

insurance in the State of Maryland.

2.      Defendant, Florida Bow Thrusters, Inc. ("Florida Bow Thrusters") is a

corporation organized under the laws of the State of Florida with a principal office at 135

Imperial Street, Merritt Island, Florida.

3.      Defendant, Vetus Maxwell, Inc., ("Vetus") is a corporation organized under the

laws of the State of Maryland with a principal office at 7251 National Drive, Hanover, Maryland.

## JURISDICTION AND VENUE

4.     This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

5.     Venue is proper in this judicial district because the events giving rise to the plaintiff's cause of action occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.     At all times material hereto, Ace provided insurance coverage to Mr. Thomas Marroccoli for his ownership interests in a 2001 94' Hargrove named the *MY Angel*.

7.     In 2012, Mr. Marroccoli entered into a contract with Florida Bow Thrusters for Florida Bow Thrusters to sell and install a stern thruster motor package that had been designed, manufactured and sold by Vetus to Florida Bow Thrusters.

8.     Pursuant to the contractual agreement between Florida Bow Thrusters and Mr. Marroccoli, the stern thruster package was sold and installed at Florida Bow Thrusters' Merritt Island facility.

9.     On or about June 14, 2013, Mr. Marroccoli was aboard his vessel, *My Angel*, in the process of docking at Valentines Marina in Harbour Island, Bahamas when a fire occurred on *My Angel*.

10.     The fire started as a result of an internal failure of the 24 volt DC solenoid switches supplied by Vetus and sold and installed by Florida Bow Thrusters.

11.     Ace compensated Mr. Marroccoli in excess of $200,000.00 for the property damage to the vessel and is subrogated, to the extent of its payments, to the rights of Mr. Marroccoli.

## COUNT I - BREACH OF WARRANTY
### (Ace v. Florida Bow Thrusters)

12.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

13.     At all times material hereto, Florida Bow Thrusters expressly and impliedly warranted that the Vetus stern thruster was of good and merchantable quality, fit for its particular purpose, free from defects and would be installed in a good and workmanlike manner.

14.     Florida Bow Thrusters breached its warranties because the stern thruster was defective and/or was not properly installed.

15.     Florida Bow Thrusters knew that Mr. Marroccoli was relying on its skill and judgment to select and furnish goods that were appropriate for use in recreational boating.

16.     Mr. Marroccoli relied on Florida Bow Thrusters' skill and judgment to furnish goods that were appropriate for use in recreational boating.

17.     Florida Bow Thrusters breached its warranty of fitness for a particular purpose because the stern thruster was defective.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Florida Bow Thrusters, Inc., in an amount in excess of $200,000.00 including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II -NEGLIGENCE
### (Ace v. Florida Bow Thrusters)

18.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

19.     Florida Bow Thrusters owed a duty to Mr. Marroccoli to exercise reasonable care in the sale and installation of the stern thruster package.

20.     The aforesaid fire and resulting damages were caused proximately by the negligence and carelessness of defendant Florida Bow Thrusters, including but not limited to the following:

       a)     Failing to properly inspect, test, and install the stern thruster so as to cause the electrical system to malfunction and ignite the fire;

3

b) Selling or distributing a defective stern thruster;

c) Improperly inspecting, testing, repairing, maintaining, and otherwise working on the stern thruster so as to cause the fire;

d) Failing to warn of the risk of fire created by the stern thruster's electrical system; and

e) Otherwise acting without reasonable care in ways that may be disclosed during the discovery process.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Florida Bow Thrusters, Inc., in an amount in excess of $200,000.00 including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III -STRICT LIABILITY
### (Ace v. Florida Bow Thrusters)

21. Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

22. Florida Bow Thrusters supplied and/or distributed into the stream of commerce a defective and unreasonably dangerous product, posing an extreme and unreasonable risk of fire ignition and damage to users and consumers.

23. The stern thruster supplied and/or distributed by Florida Bow Thrusters was placed into the stream of commerce with the expectation that it could be used on the water.

24. Mr. Marroccoli was the ultimate user of the vessel and a member of a class whom Florida Bow Thrusters. should have expected to use its product or to share in its use.

25. It was reasonably foreseeable that defendant Florida Bow Thrusters' defective and unreasonably dangerous product would cause damage to the vessel.

26. The stern thruster was defective when Florida Bow Thrusters placed it into the stream of commerce.

4

27.     As a direct and proximate result of the defective condition of the stern thruster, plaintiff's subrogee, Mr. Marroccoli, suffered substantial losses, for which defendant, Florida Bow Thrusters, is strictly liable in tort.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Florida Bow Thrusters, Inc., in an amount in excess of $200,000.00 including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV - BREACH OF WARRANTY
### (Ace v. Vetus)

28.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

29.     At all times material hereto, Vetus impliedly warranted that the stern thruster was of good and merchantable quality, fit for its particular purpose, and free from defects.

30.     Vetus breached its implied warranty of merchantability because the stern thruster was defective.

31.     Vetus knew that Mr. Marroccoli was relying on Vetus' skill and judgment to select and furnish goods that were appropriate for use in recreational boating.

32.     Mr. Marroccoli relied on Vetus' skill and judgment to furnish goods that were appropriate for use in recreational boating.

33.     Vetus breached its implied warranty of fitness for a particular purpose because the stern thruster was defective.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Vetus Maxwell, Inc., in an amount in excess of $200,000.00 including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V - NEGLIGENCE
### (Ace v. Vetus)

34.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

35.     Vetus owed a duty to Mr. Marroccoli to exercise reasonable care in the design, distribution and manufacture of the stern thruster.

36.     The aforesaid fire and resulting damages were proximately caused by the negligence and carelessness of defendant, Vetus, including, but not limited to the following:

  a)     Failing to properly manufacture and design the stern thruster so as to cause the electrical system to malfunction and ignite the fire;

  b)     Selling or distributing a defective stern thruster;

  c)     Manufacturing or designing a defective stern thruster so as to cause the fire;

  d)     Failing to warn of the risk of fire created by the stern thruster's electrical system; and

  e)     Otherwise acting without reasonable care in ways that may be disclosed during the discovery process.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Vetus Maxwell, Inc., in an amount in excess of $200,000.00 including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI - STRICT LIABILITY
### (Ace v. Vetus)

37.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

38.     Vetus supplied and/or distributed into the stream of commerce a defective, unreasonably dangerous product, posing an extreme and unreasonable risk of fire ignition and damage to users and consumers.

6

39.     The stern thruster supplied and/or distributed by Vetus was placed into the stream of commerce with the expectation that it could be used on the water.

40.     Mr. Marroccoli was the ultimate user of the stern thruster and a member of a class whom Vetus should have expected to use its product or to share in its use.

41.     It was reasonably foreseeable that defendant Vetus' defective and unreasonably dangerous product would cause damage to the vessel.

42.     The stern thruster was defective when Vetus placed it into the stream of commerce.

43.     As a direct and proximate result of the defective condition of the stern thruster, plaintiff's subrogee, Mr. Marroccoli, suffered substantial losses, for which defendant Vetus is liable in tort.

WHEREFORE, Plaintiff, Ace American Insurance Company, demands judgment against Defendant, Vetus Maxwell, Inc., in an amount in excess of $200,000.00, including pre-judgment interest and such other and further relief as this Court deems just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

COZEN O'CONNOR

BY___*/s/ Joseph F. Rich*_____
        JOSEPH F. RICH, ESQ.
        Southeast Financial Center
        200 South Biscayne Boulevard
        Suite 4410
        Miami, FL 33131
        (305) 704-5940
        (305) 704-5955 (facsimile)
        jrich@cozen.com

Attorneys for Plaintiff

OF COUNSEL:

COZEN O'CONNOR
WILLIAM N. CLARK, JR., ESQUIRE
1900 Market Street
Philadelphia, PA 19103
(215) 665-4101